VAN NEST WOODWORKING CO. v. MINKA et al.

(Supreme Court, Appellate Term.    May 7, 1909.)

1. MECHANICS' LIENS (§ 132*)—DELIVERY OF MATERIAL.
> Where, at the time of filing notice of mechanic's lien, the owner had paid the entire contract price to the contractor, a delivery, within 90 days prior to the filing of the lien, of materials worth 10 or 12 cents, alleged to have been ordered to replace defective materials previously delivered, did not constitute a delivery of materials which would validate the lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 200; Dec. Dig. § 132.*]

2. MECHANICS' LIENS (§ 303*)—DAMAGES UPON FAILURE TO PERFECT.

Under Code Civ. Proc. § 3412, if a mechanic's lienor fails to establish a valid lien, he may recover judgment in the action for such sums as are due him on which he might recover in an action on a contract against any party to the action.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 628–631; Dec. Dig. § 303.*]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by the Van Nest Woodworking Company against Jacob Minka and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Arthur H. Wadick, for appellants.
Bartley J. Wright, for respondent.

PER CURIAM. The uncontradicted facts are substantially as follows: This action was commenced on October 4, 1907, by the plaintiff, a domestic corporation, against the defendants, for the foreclosure of a mechanic's lien; the defendant Minka as the owner of the premises sought to be foreclosed, and the defendant Masche as the contractor engaged in the erection of the building upon the land, in connection with which the plaintiff is alleged to have furnished materials. Notice of lien herein was docketed in the office of the clerk of the county of New York on the 24th day of July, 1907, and in support of said lien the plaintiff attempted to prove the delivery of material within 90 days prior to the filing of the lien, which would be at a date subsequent to the 24th of April, 1907, and in that connection offered in evidence a delivery receipt, bearing date June 10, 1907. One Angus, the cashier of the plaintiff, stated that the materials appearing on said delivery receipt had been ordered by said defendant contractor, Masche, the day before the delivery; i. e., June 9, 1907. It appeared, on cross-examination, that the materials delivered on June 10, 1907, consisted of two parting strips, which were alleged by the plaintiff corporation to have been delivered to take the place of strips previously delivered and found to be defective. These parting strips were of the value of about 10 or 12 cents, and were subsequently returned to the plaintiff corporation.

The defendant contractor, Herman Masche, testified that he never complained that the parting strips delivered by the plaintiff were defective, and that the ones first delivered were in good condition and actually used in the building; that the contract price for the erection and completion of the building, made by him with the defendant Minka, was $6,000; that the building was completed on or about the 25th day of June, 1907; and that there was no money due him on July 24, 1907, when the lien was filed. Masche further testified that the last check received from the defendant owner, Minka, was for the sum of $1,025, which check was paid to him at the end of June, 1907; that he received the first payment of $1,000 the last of January or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1st of February, 1907, two payments of $1,000 each in March, 1907, and that in April he received $1,000, and in May either $1,000 or $1,300, and the last payment on June 25th or 26th. The defendant contractor counterclaimed for damages arising out of the failure of the plaintiff corporation to deliver all the materials covered by the contract.

Judgment was rendered in favor of the plaintiff against the defendant owner, Minka, and the defendant contractor, Masche, for the foreclosure of the lien, in accordance with the prayer of the complaint. The defendant owner, Minka, appeared and answered the complaint, but was not present at the trial of the action. The plaintiff did not show any money in the hands of the defendant owner, Minka, due the contractor, Masche, at the time the lien was filed; but, on the contrary, the defendant Masche testified that he received all the money from the owner, Minka, before the filing of the lien. Under this evidence it cannot be said that the delivery of the parting strips by Angus, the cashier of the plaintiff, on June 10, 1907, constituted a delivery of materials, so as to validate the lien filed July 24, 1907, while it clearly appears that the defendant Minka, the owner of the premises mentioned, had paid over to the defendant Masche, the contractor, all the moneys due him on account of the contract for the building of the house before the filing of the lien. The lien is therefore invalid, and this judgment foreclosing the said lien cannot stand.

Section 3412 of the Code states that:

"If the lienor shall fail for any reason to establish a valid lien, * * * he may recover judgment therein for such sums as are due him, on which he might recover in an action on a contract against any party to the action."

Upon a new trial, therefore, plaintiff may be able to show itself entitled to a recovery, even if it fails to substantiate its lien.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.